Judges—Wade Cushing, Robert E. Buchwalter and Francis M. Hamilton.

Stenographer—Jule Laughlin, Courthouse, Cincinnati.

#### Second District (Columbus)

Judges' Headquarters—County Court House, Columbus.

Presiding Judge—H. L. Ferneding.

Judges—Albert Kunkle, Springfield; J. I. Allread, Greenville.

Stenographer—George F. Okey.

#### Third District (Lima)

Judges' Headquarters—Court House, Lima.

Presiding Judge—

Judges—E. N. Warden, Napoleon; Kent W. Hughes, Lima; Phil. M. Crow, Kenton.

Stenographer—Walter M. Bowman.

#### Fourth District (Marietta)

Judges' Headquarters—Court House, Marietta.

Judges—Roscoe T. Mauck, Gallipolis; E. D. Sayre, Athens; Wm. H. Middleton, Waverly.

#### Fifth District (Mansfield)

Judges —Lewis B. Houck, Mt. Vernon; Robert S. Shields, Canton; Frank N. Patterson, Ashland.

Stenographer—

#### Sixth District (Toledo)

Judges' Headquarters at Court House, Toledo.

Judges—R. R. Kinkade, Toledo; Silas S. Richards, Clyde; Charles E. Chittenden, Toledo.

Stenographer—George J. Baumgartner, Toledo.

#### Seventh District (Youngstown)

Judges' Headquarters—Court House, Youngstown.

Presiding Judge—John Pollock, St. Clairsville.

Judges—Louis T. Farr, Lisbon, James W. Roberts, Jefferson.

Stenographer—Irene Patricia Reilly.

#### Eighth District (Cleveland)

Judges' Headquarters—County Court House, Cleveland, Main 3285.

Presiding Judge—Willis Vickery,

Judges—John J. Sullivan, Manuel Levine.

Stenographer—Meta Brueggeman.

#### Ninth District (Akron)

Judges—William E. Pardee, Akron; Ross W. Funk, Wooster; C. G. Washburn, Elyria.

Stenographer—E. H. Hauenstein.

For full opinions, in Epitomized Court of Appeal cases, write Stenographer of the Court, as above.

## No. 817
### BAILEY v. STATE
Ohio Appeals, 2d District, Miami County
July 19, 1923

#### 82. CHARGE TO JURY.

General exception to charge is not sufficient to raise question of omission such as larceny when grand larceny charged.

ALLREAD, J. *Epitomized Opinion*

Bailey was indicted for burglary and grand larceny in stealing chickens. At the trial he was convicted as charged. He brings error proceedings to this court, contending among other things that the trial court erred in not submitting to the jury the question of finding defendant guilty of larceny only. Held.

The question does not appear in the record except by general exception to the charge. A general exception to the charge is not sufficient to raise a question of omission. Counsel must, in case of omission, make a special exception or request the court to give the omitted charge. Moreover the verdict shows a case of grand larceny and the lesser offense of larceny would not affect the grade of the offense or reduce it to a misdemeanor. Judgment affirmed.

Attorney—J. J. Hoover, for Bailey; Kenneth Little, Pros. Atty., for State.

## No. 818
### LINCOLN v. TATUM
Ohio Appeals, 2d District, Franklin County
No. 1106. Decided Oct. 11, 1923

#### 107. CONTRACTS.

Written portions of contracts will control where there is inconsistency between the printed and written provisions—Where the written provisions simply explain the printed portion then the provisions will be construed together.

(This case reprinted to correct error)

ALLREAD, J. *Epitomized Opinion*

This was an action brought by Lincoln to recover the sum of $1,000 deposited with Tatum under a written contract. A written proposition was made by the owner of certain real estate to Tatum as agent. Tatum sold premises to one Lincoln, who deposited $1,000 with the agent. The written contract provided for a payment of $1,000 upon the signing of the agreement. The printed acceptance, however, provided that $1,000 was to be paid to the agent, Tatum, in trust. At the close of plaintiff's evidence the court directed a verdict for defendant, upon the ground that the trust proposition was not binding as the original contract required the payment of $1,000 to the vendor. In reversing the judgment of the lower court, the Court of Appeals held:

# OHIO COURTS OF APPEAL—Continued

1. Where there is an irreconcilable inconsistency between the printed and written portions of a contract, the written portions will be allowed to prevail.

2. Where the written portion of a contract does not provide to whom the $1,000 cash payment was to be made, the printed portions specifically setting forth the person to whom payment is to be made should be given full force and effect.

Attorneys—H. B. Garch and J. F. Rogers, for Lincoln; Eugene Moore and Andrew Mitchell, for Tatum.